IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ELLIS HARLEY BARBER, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. GLR-15-3019 |
| MARYLAND TRANSPORTATION AUTHORITY, | * | |
| | * | |
| Defendant | | |

\*\*\*

## MEMORANDUM

The above-entitled action was filed on October 5, 2015. Plaintiff did not pay the filing fee nor did he file a motion seeking its waiver. Because the complaint must be dismissed, he will not be required to correct the deficiency.

The complaint is difficult to discern, but appears to be an attempt by Plaintiff to challenge the constitutionality of traffic speed monitoring cameras. (ECF No. 1). The complaint does not comply with Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," nor does it comply with Rule 8(e)(1), which requires that each averment of a pleading be "simple, concise, and direct." A pleading must give the court and Defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swirkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). This Court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir.1988). Here, the Complaint is not a "short and plain statement," nor is it "concise and direct." The convoluted narratives, cobbled together with the bizarre legal conclusions seemingly based on constitutional claims that Plaintiff does not

have standing to raise,[1] render the Complaint incomprehensible.  As such it does not provide this Court or any potential Defendants "fair notice" of the claims and facts upon which they are based.  Moreover, Plaintiff's challenge to the validity of the notice of violation issued to him is a state court matter and implicates no valid federal issue.  Thus, the Complaint must be dismissed.  A separate Order follows.

      Entered this 9th day of October, 2015

                                                                           /s/
                                                        _____
                                                        George L. Russell, III
                                                        United States District Judge

---

[1] Plaintiff appears to base his objection to traffic speed monitoring cameras on the Tenth Amendment's prohibition against burdens on interstate commerce, but there is no indication that this analysis applies to the particular violation he received.